IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEROME D. BROWN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-138-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Jerome D. Brown, TDCJ #751067, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.  **PROCEDURAL HISTORY**

In April 1996, pursuant to a plea agreement, Brown pleaded guilty to aggravated assault on a peace officer with a deadly weapon and was sentenced to thirty-two years' confinement in the 371st District Court of Tarrant County, Texas. *Ex parte Brown*, Application No. WR-33,202-01 at 40. The Texas Board of Pardons and Paroles (BOP) has denied Brown release on parole on three occasions–July 25, 2001, August 10, 2004, and July 5, 2007. In this petition, Brown challenges the BOP's denial of his release to parole and/or mandatory supervision. (Petition at 7) He has filed one relevant state application for writ of habeas corpus raising the claims presented, which was dismissed without written order by the Texas Court of Criminal Appeals. *Ex parte Brown*, Application No. WR-33,202-12, at cover. Brown filed this federal petition for habeas relief on February 26, 2008.[1]

D.  **RULE 5 STATEMENT**

Quarterman believes Brown has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b) because the Texas Court of Criminal Appeals, the state's highest court, has not yet addressed the merits of the claims presented. (Resp't Answer at 9-12) In the alternative, Quarterman asserts Brown's petition is time-barred.

E.  **STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition and any attachments are delivered to prison authorities for mailing).

2

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, namely, the date on which Brown could have discovered, through the exercise of due diligence, the factual predicate of his claims. To the extent Brown claims he has been unlawfully denied release on parole, the factual predicate of his claims was discoverable on the dates parole was denied. Accordingly, the one-year statute of limitations has run on his claims as they may pertain to the July 25, 2001, and August 10, 2004, denials.[2] His petition, filed on February 26, 2008, is timely as it may pertain to the July 5, 2007, denial.

---

[2] Brown did not reply to Quarterman's answer or otherwise assert a reason for his failure to file a timely petition raising these claims and his claim below regarding release to mandatory supervision, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

To the extent Brown claims he has been unlawfully denied release on mandatory supervision, the factual predicate of the claim was discoverable at the time of his conviction. Under Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the holding offense was committed. *See Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999). Accordingly, the one-year statute of limitations has run on Brown's claims as they may pertain to his release on mandatory supervision. Moreover, under the statute in effect when Brown committed the underlying offense, he is not, and was never, eligible for release to mandatory supervision on his 32-year sentence. *See* Act of May 29, 1993, 73rd Leg. R.S., ch. 888, § 2, 1993 Tex. Gen. Laws 3533, 3534-35 (currently TEX. GOV'T CODE ANN. § 508.149(a) (Vernon Supp. 2008)).

**F.    DISCUSSION**

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas parole statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Thus, while a petitioner may be eligible for parole, the failure of the BOP to grant parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981)

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Brown's petition be DISMISSED as time-barred, insofar as it seeks relief from the BOP's denials of 2001 and 2004, and DENIED, insofar as it seeks relief from the July 7, 2007, denial.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 18, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 18, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 28, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE