U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 3 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEROME D. BROWN, | § | |
| Petitioner, | § | |
| VS. | § | NO. 4:08-CV-138-A |
| NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Jerome D. Brown ("Brown") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On August 28, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that petitioner file objections, if any thereto, by September 18, 2008. The court granted petitioner's motion for an extension of time and extended petitioner's time to file objections until October 16, 2008. Petitioner filed his objections on September 26, 2008.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is

made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Brown's petition be dismissed with prejudice as time-barred insofar as it seeks relief from the Bureau of Prison's ("BOP's") denials of mandatory supervision and/or parole on July 25, 2001, and August 10, 2004, and denied insofar as it seeks relief from the BOP's July 7, 2007 denial. Jones makes no specific objection to any findings of the magistrate judge, but instead cites to various case law and statutes. Petitioner cites case law suggesting that he is entitled to mandatory supervision. While Texas's mandatory supervision scheme does create a constitutional expectancy of early release, Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000), Jones does not qualify for mandatory supervision because he is serving a sentence for aggravated assault. FC&R at 4. Accordingly, this objection is without merit. Even a liberal reading of petitioner's objections does not contain an objection to the magistrate's conclusion that two of Brown's claims are time-barred.[1]

Therefore,

The court accepts the findings, conclusions, and recommendation of the Magistrate Judge and ORDERS that the

---

[1] Brown includes case law relevant to the statute of limitations for tort, antitrust, and malpractice actions. Insofar as these references can be construed as an objection, the court finds it without merit.

2

petition of Jerome D. Brown for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice insofar as it seeks relief from the BOP's denials of mandatory supervision and/or parole in 2001 and 2004, and denied insofar as it seeks relief from the July 7, 2007 denial.

SIGNED October 3, 2008.

_____
JOHN MCBRYDE
United States District Judge